UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                       :
                                                       :
IN RE SAMARA KNOWS, a/k/a JESSICA       :        **SUMMARY ORDER**
JACKSON, a/k/a/ ANDREA GRACE            :        12-CV-1908 (DLI)
GRINNAGE, *pro se*                               :
                                                       :
                                                       :
-------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

On April 4, 2012, *pro se* plaintiff[1] Samara Knows ("Plaintiff"), who has a history of filing lengthy and incomprehensible complaints before this court,[2] brings the instant action by way of a 65-page handwritten complaint. Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 is granted for the limited purpose of this Order. For the reasons set forth below, the action is dismissed.

As in Plaintiff's previous cases, this complaint consists of numerous pages of incomprehensible diatribes. (*See generally*, Dkt. Entry No. 1.) While Plaintiff does not name any defendants in the instant action, to the extent the court can discern any claims, Plaintiff appears to allege she suffered a variety of harms caused by certain individuals during the mid-1970s and early 1980s, including, *inter alia*, that certain individuals stole Plaintiff's winnings from a 1977-1978 Reader's Digest Contest and that a number of individuals physically and

---

[1] The court is mindful that *pro se* submissions, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, the court interprets the complaint "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted).

[2] *See Knows v. Lancella, et al.*, No. 04-CV-01738 (DGT) (dismissed on April 29, 2004 as frivolous or malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Knows v. Cooper, et al.*, No. 04-CV-01743 (DGT) (dismissed without prejudice); *Knows v. Mr. Lewis, et al.*, No. 91-CV-02048 (DGT) (summary judgment granted in favor of defendants).

sexually assaulted Plaintiff throughout the 1980s.  Plaintiff also appears to seek to regain custody of four female individuals who she claims are her biological children.  Plaintiff's complaint fails to conform to Rule 8 of the Federal Rules of Civil Procedure, which requires: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . ." FED. R. CIV. P. 8(a).  As such, the complaint must be dismissed on this ground.

The complaint also is frivolous.  Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an IFP action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F. 3d 434, 437 (2d Cir. 1998) (internal citation omitted); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible").

Here the substantial majority of Plaintiff's complaint is irrational and incredible and is the product of delusion or fantasy.  For example, on the first page of her complaint Plaintiff alleges:

> In conclusion of Brief Complaint Descriptives [sic] of what is meant by the total Grinnages both venues where they reside is already mentioned [.] The Heroin Leon Grinnage Venue of 2185 Pacific Street, Borough Brooklyn New York New York Zip Code 11233 staying with his partner – first floor to the left, had told this Donna or Jimmy to throw a Rock on my head upon my return from this Philadelphia Pennsylvania apartment when I turnt [sic] the corner of Pacific street, someone throw a brick on top of my head and Leon Grinnage told me why did I come back into New York and exclaim they did put a hole in my back with the expressions of

> a stepsister pushing a small sewing needle in my Right side back of the underarm and cursed me out. So a [sic] saw someone, ran to the corner and gave them my bag to hold while I was calling 911, they came and I told 911 what happened and was told to get a complaint number, and who had my bag belonging which was only a bag with my cash work money he handed it back to me and I paid him money to hold my bag like a pocketbook and suitcase.

(*See* Dkt. Entry No. 1, at 1-2.) The complaint continues in similar fashion for the ensuing 65 pages. Nothing in Plaintiff's complaint suggests a cognizable claim reviewable in federal court or that is not time barred by any state statute of limitations. Accordingly, the complaint is dismissed, *sua sponte*, because the action is frivolous. 28 U.S.C. § 1915(e)(2)(B).

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F. 3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted). However, a court may deny an opportunity to amend "when amendment would be futile." *Fulton v. Goord*, 591 F. 3d 37, 45 (2d Cir. 2009) (internal quotation marks and citation omitted). Here, it is clear from Plaintiff's complaint that she does not have any possibility of asserting a plausible claim. Therefore, any attempt to amend the complaint would be futile. *See Cuoco*, 222 F. 3d at 112 (denying leave to amend a *pro se* complaint where amendment would be futile). Accordingly, the complaint is dismissed with prejudice.

In addition, Plaintiff is hereby on notice that any future filing of vexatious or frivolous complaints with the court may lead the court to impose an injunction prohibiting her from filing a complaint without the court's prior authorization. *See In re Sassower*, 20 F. 3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints.").

## **Conclusion**

For the foregoing reasons, the complaint is dismissed with prejudice for failure to conform with Rule 8 and because the action is frivolous and amendment of the complaint would be futile. *See* 28 U.S.C. § 1915(e)(2)(B). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       July 18, 2012

_____/s/_____
DORA L. IRIZARRY
United States District Judge